IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID DUANE DUNIGAN,                     §
                                         §
            Petitioner,                  §
                                         §
V.                                       §
                                         §        No. 3:13-cv-3992-M-BN
WILLIAM STEPHENS, Director               §
Texas Department of Criminal Justice,    §
Correctional Institutions Division,      §
                                         §
            Respondent.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Duane Dunigan, a Texas prisoner, has filed an application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below,

the application should be denied.

**Background**

On September 11, 2008, in the 40th Judicial District Court of Ellis County,

Texas, Petitioner was convicted of evading arrest with a vehicle, in violation of Texas

Penal Code Annotated Section 38.04, and was sentenced to 20 years' imprisonment and

fined $10,000.00. *See Dunigan v. State*, No. 10-10-00043-CR, 2011 WL 723463, at *1

(Tex. App. – Waco Mar. 2, 2011, pet. refused); *see also* Dkt. No. 21-2 at 69 (state habeas

court findings of fact and conclusions of law), ¶¶ 1-4.

The guilt phase of Petitioner's trial, at which one witness – Trooper Vance

Griffin – testified, lasted approximately 70 minutes. *See* Dkt. No. 19-7 (trial

transcript). The jury was out for approximately 16 minutes, *see id.* at 35, before finding Petitioner guilty, *see id.* at 35-36.

Petitioner was allowed to file an out-of-time appeal, his conviction and sentence were affirmed, and his petition for discretionary review was refused. *See generally Dunigan*, 2011 WL 723463; *see also* Dkt. No. 21-2 at 69-70, ¶¶ 5-12. Petitioner also challenged this conviction and sentence through a state application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals ("CCA") without written order, on the findings of the trial court, made without a hearing. *See Ex parte Dunigan*, WR-30,289-03 (Tex. Crim. App. June 26, 2013); *see also* Dkt. No. 21-2 at 69-72; Dkt. No. 21-10 at 2.

In his federal habeas application, which timely followed the CCA's denial of his state habeas application, Petitioner raises three principal grounds: (1) his trial counsel rendered, for multiple reasons, constitutionally ineffective assistance; (2) the trial court denied him his right to a fair trial; and (3) the State committed prosecutorial misconduct. *See* Dkt. No. 14-1 at 6-26.

## Legal Standards

A federal court will not reach the merits of claims denied by the state court on state procedural grounds if the state-law grounds are independent of the federal claim and adequate to bar federal review. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, 132 S. Ct. 1309, 1315, 1316-19 (2012). But, if the state procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas

petitioner shows than an exception to the bar applies, the federal court must resolve the claim without the deference that the AEDPA otherwise requires. *See Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (the AEDPA's deferential standard of review would not apply to a procedural decision of the state court); *Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir. 2000) ("Review is *de novo* when there has been no clear adjudication on the merits." (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997))); *Mercadel v. Cain*, 179 F.3d 271, 274-75 (5th Cir. 1999) ("the AEDPA deference scheme outlined in 28 U.S.C. § 2254(d) does not apply" to claims not adjudicated on the merits by the state court).

And, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeals from relying on their

own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785-86 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is

-4-

because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no farther ." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was

objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 131 S. Ct. at 784 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

## Analysis

I.   **Procedurally Barred Claim – Trial Court's Misstatement of Law During Voir Dire**

One basis for Petitioner's claim against the trial court – which is also in part a basis for his claims against his trial counsel and the prosecutor – is that State District Judge Gene Knize misstated the law during voir dire. *See* Dkt. No. 14-1 at 18 ("He 'Mis-Directed' the ENTIRE Jury Panel to BELIEVE, that the Arresting Officer did NOT have to HAVE PROBABLE CAUSE to STOP and or Detain the Accused...." (some emphasis removed)). Respondent contends that this claim is procedurally barred under the "contemporaneous objection" rule. *See* Dkt. No. 34 at 12-14.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer*, 505 U.S. at 338. The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *see also Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) ("A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" (quoting *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004))). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).

Under Texas law, a party must make a timely and proper objection to preserve a claim for appellate review. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). The objection must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R.

APP. P. 33.1(a)(1)(A). This "contemporaneous objection" rule constitutes an adequate state procedural bar for purposes of federal habeas review. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001).

Here, the Waco Court of Appeals issued the last reasoned opinion on this issue. *See Dunigan*, 2011 WL 723463 at *2-*3. That court examined the relevant statements by the trial court and found that "they did not rise to such a level as to 'bear on the presumption of innocence or vitiate the impartiality of the jury' and therefore do not implicate the doctrine of fundamental error.'" *Id.* at *3 (quoting *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App.2001)). The Waco Court of Appeals then concluded that Petitioner "was required to object to preserve this issue for [appellate] review" and because he did not, the issue could not be reviewed. *Id.*

"[A] federal court may consider a procedurally defaulted claim if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" *Allen v. Stephens*, No. 3:12-cv-2014-P, 2013 WL 5545390 at *3 (N.D. Tex. Oct. 8, 2013) (quoting *Coleman*, 501 U.S. at 750). But Petitioner makes no attempt to satisfy these requirements. As a result, this claim is procedurally barred.

To the extent that this alleged error is a basis for Petitioner's claim that his trial counsel was ineffective, counsel, in closing, clarified that the correct legal standard was beyond a reasonable doubt for each element of the charged offense. *See, e.g.*, Dkt. No. 19-7 at 31 ("Beyond a reasonable doubt that this was a lawful attempt to arrest or

detain...."). To the extent that this alleged error is a basis for Petitioner's due process claim against the trial court, the Waco Court of Appeals found that any error under state law was not a fundamental error, *see Dunigan*, 2011 WL 723463, at *3, much less that any error was so fundamentally unfair as to constitute federal habeas relief. And, to the extent that this alleged error is also a basis for Petitioner's claim against the prosecutor, Petitioner has not alleged that the prosecutor had a duty to correct the trial court, particularly because the trial court charged the jury correctly prior to deliberations. *See, e.g.*, Dkt. No. 19-7 at 26 ("Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.").

## II.    Ground One – Ineffective Assistance of Trial Counsel

Petitioner asserts that his trial counsel was constitutionally ineffective for several reasons. But Petitioner's primary basis for his ineffective assistance allegation is that he rejected a favorable plea bargain agreement based on erroneous advice from trial counsel: that his sentence if convicted in this case would not be stacked onto a prior sentence. *See* Dkt. No. 14-1 at 9-10, 13. But the petition can also be liberally construed to assert the following as grounds for the ineffective assistance claim: (1) trial counsel's lack of trial preparation and overall performance; (2) his failure to call certain witnesses; (3) his striking of only three potential jurors; (4) his failure to obtain an "original" recording of the police chase; and (5) his failure to file motions to suppress and to dismiss. *See id.* at 9-18.

The undersigned has reviewed the Petitioner's Sixth Amendment claims under

the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 133 S. Ct. 1584 (2013).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 131 S. Ct. at 791. "The Supreme Court has

admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 131 S. Ct. at 791. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 792 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits,

this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403, 1410 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785; *see also id.* at 788 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state trial counsel's conduct in these claims under *Strickland. See id.* at 785-86. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 785.

This deference and latitude to the state habeas court's conclusion that, in those proceedings, Petitioner did "not carr[y] his burden to show that he received ineffective assistance of counsel," Dkt. No. 21-2 at 71; Dkt. No. 21-10 at 2, is the point from which this Court begins its review of Petitioner's claims of ineffective assistance.

Petitioner asserts that he only rejected the State's plea bargain of five years' imprisonment because his trial counsel assured him a new sentence would not be stacked onto his existing sentence. *See* Dkt. No. 14-1 at 8-10. As the state habeas court found, the record belies Petitioner's assertion that he rejected the plea bargain on the

advice of counsel. *See* Dkt. No. 21-1 at 31 ("Rejection of Plea Bargain" dated Sept. 5, 2008, signed by Petitioner below the statement "I further state that my attorney has made the recommendation that I accept said plea bargain. I do not wish to follow the recommendation of my attorney."); *see also* Dkt. No. 21-2 at 70, state habeas court findings, ¶¶ 14 & 15 (finding the state court file "does not support Applicant's contention that he rejected that plea offer of the State in reliance on inaccurate advice from defense counsel" and "contains a rejection of plea bargain offer that specifically states that Applicant rejected the plea offer against the advice of counsel"). The state habeas court also rejected Petitioner's evidence in support of this assertion, an affidavit from a convicted felon affirming the conversation as to the stacked sentences, which occurred on September 11, 2008, six days after Petitioner rejected the plea bargain. *See id.*, ¶¶ 16 & 17.

As stated above, in addition to his plea bargain-based claim, Petitioner appears to assert that his trial counsel also was ineffective based on his general lack of preparation and performance and more specifically because counsel (1) failed to call certain witnesses; (2) only struck three potential jurors during voir dire; (3) failed to obtain an "original" recording of the police chase, and (4) failed to file motions to suppress and to dismiss. *See* Dkt. 14-1 at 9-18.

As another judge of this Court has recently noted, "counsel's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Williams v. Stephens*, No. 4:12-cv-926-Y, 2014 WL 26503, at *7 (N.D. Tex. Jan. 2, 2014) (citing *Strickland*, 466 U.S. at 690-91)). This is

particularly true where the challenges launched in a federal habeas petition as to those strategic choices are conculsory. Conclusory allegations will not show that a state habeas court's application of *Strickland* was unreasonable. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Accordingly, Petitioner's general allegation as to trial counsel's performance and his allegation that counsel should have filed motions to suppress and dismiss are conclusory and fail to raise a constitutional issue. *Cf. Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (counsel is not required to file frivolous motions). Similarly, Petitioner's allegations that counsel was ineffective for failing to secure an "original" recording of the police chase (and file motions related to it) – particularly in light of counsel's chain of custody objection to the evidence, which was overruled – does not show that the state habeas court unreasonably applied *Strickland* to this ground.

Petitioner also presented an affidavit from a witness stating he would have testified that another person told him he called the police on Petitioner. Petitioner asserts that this witness could have impeached the testimony of Trooper Griffin. *See* Dkt. No. 14-1 at 15.

> [C]omplaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail on such a claim, a petitioner must show that the witness's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). And where the only evidence of missing witnesses' testimony is from the

defendant, the court views claims of ineffective assistance with great caution. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

*Dennis v. Quarterman*, No. 4:07-cv-20-Y, 2008 WL 1808546, at *4 (N.D. Tex. Apr.21, 2008).

Here, Petitioner fails to show that this witness would have testified at his trial. Thus, his allegations related to this uncalled witnesses remain speculative and cannot be used to either show *Strickland* prejudice or, moreover, show that the state habeas court unreasonably applied *Strickland* in rejecting this ground.

Petitioner next contends that his counsel was ineffective for only striking three potential jurors, particularly because most of the potential jurors, when asked, identified that they were related to or friends or neighbors of people who work in law enforcement. *See* Dkt. No. 14-1 at 15.

"In cases of alleged ineffective assistance grounded in the claim that counsel failed to strike a biased juror, [a court] must ... be cognizant of the fundamental nature of the right to an impartial jury." *Seigfried v. Greer*, 372 F. App'x 536, 539 (5th Cir. 2010) (per curiam) (citations omitted).

> In conducting the deficient performance analysis in the context of counsel's failure to strike an allegedly partial juror, a court first evaluates whether the juror at issue was actually biased. *See Virgil v. Dretke*, 446 F.3d 598, 608-10 (5th Cir. 2006). The issue of juror bias is a factual finding. *Id.* at 610 n.52 (citing *Patton v. Yount*, 467 U.S. 1025 (1984)). Because the question of whether jurors have opinions that disqualify them is "one of historical fact," *Patton*, 467 U.S. at 1037, 104 S. Ct. 2885, under AEDPA standards this court may reject the state court's implicit finding only if the habeas applicant rebuts the presumption of correctness given to the state court factual findings "by clear and convincing standards," 28 U.S.C. § 2254(e)(1).

-15-

*Id.* (some citations modified).

Here, Petitioner's claim is conclusory. That is, during voir dire, the members of the jury all indicated that they could be fair and impartial, *see* Dkt. Nos. 19-5 and 19-6 (jury selection transcript), and Petitioner fails to allege that any particular juror was biased, *see* Dkt. No. 14-1 at 15. As such, this ground also fails. *Cf. Seigfried*, 372 F. App'x at 539 ("By ruling that Seigfried's [ineffective assistance] claim failed both prongs of *Strickland*, the state court implicitly found that the juror was not biased.").

Petitioner's first ground for habeas relief – based on the alleged ineffectiveness of his trial counsel – should be denied in its entirety.

## III.   Ground Two – Trial Court Denied Petitioner a Fair Trial

Petitioner contends that the trial court denied him a fair trial, and therefore violated his right to due process, for these principal reasons: (1) the trial court was biased, through its use of "ad hoc" rules, and erred by misstating the law during voir dire, as addressed above; (2) the trial court refused to appoint him new counsel; (3) the trial court overruled his counsel's objection to admission of the police recording of the chase; and (4) the trial court denied him the right to be sentenced by a jury. *See* Dkt. No. 14-1 at 18-21.

As to Petitioner's sentencing claim, he was sentenced by a jury – to 20 years' imprisonment and a fine of $10,000.00. *See* Dkt. No. 19-8 at 43-44. As such, it appears this claim is best construed as Petitioner's opposition to the trial court's decision to stack his sentences, as discussed below.

The state habeas court fully addressed Petitioner's contention as to the use of "ad hoc" rules by the trial court:

18.    The "ad hoc" rules contained in Applicant's Exhibit Y are the Court's Standing Pretrial Order that is substantially the same as the order currently entered in al criminal cases.

19.    The order is designed to incorporate the rules of criminal procedure and evidence to help ensure that criminal defendants receive effective assistance of counsel.

Dkt. No. 21-2 at 70. These findings supported the state habeas court's conclusion that Petitioner's "due process rights were not violated." *Id.* at 71. And Petitioner has not shown that in reaching these findings – or this conclusion – either that the state habeas court unreasonably applied clearly established federal law or that the court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

The remainder of Petitioner's grounds in support of a due process claim – regarding the state court's evidentiary ruling, its decision not to appoint new counsel the day of trial, and its decision to stack Petitioner's sentences – concern alleged errors of state law or procedure. *See, e.g., Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules...."); *Gonzalez v. Knowles*, 515 F.3d 1006, 1012 (9th Cir. 2008) (claim that trial court "fail[ed] to appoint counsel of petitioner's choice plainly outside [federal habeas court's] purview"); *Campbell v. Stephens*, No. 2:10–CV–0271, 2014 WL 1116359, at *6-*7 (N.D. Tex. Mar. 20, 2014) (cumulation of sentences a matter of Texas law).

"When there has been a violation of state law or procedure, the proper inquiry on federal habeas review is to determine whether there has been a constitutional infraction of defendant's due process rights which would render the trial as a whole fundamentally unfair." *Campbell*, 2014 WL 1116359, at *7 (quoting *Nelson v. Estelle*, 642 F.2d 903, 906 (5th Cir. Unit A Apr.1981) (in turn citing *Donnelly v. De Christoforo*, 416 U.S. 637, 645 (1974))) (internal quotation marks omitted). A petitioner, thus, will not obtain relief unless he or she can show that the proceedings were fundamentally unfair. *See id.* This Petitioner has not shown. Petitioner has not even shown how the trial court actions of which he complains violated Texas law. *Cf. id.* at *7-*8 (finding a state court's cumulation order to be in error but "not ... so egregious as to constitute a denial of fundamental fairness or to violate the federal constitution").

Moreover, the state habeas court considered and rejected these remaining grounds. And Petitioner has not shown this Court that the state habeas court unreasonably applied clearly established federal law or that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner's second ground for habeas relief also should be denied in its entirety.

## IV.  Ground Three – The Prosecutor Violated Petitioner's Due Process Rights

Petitioner contends that the recording of the police chase, when viewed in total, indicates that a photograph was taken of his licence plate. He also contends that Trooper Griffin testified that Petitioner did not reveal his name and date of birth until

they were at the hospital, but that the recording indicates otherwise. Petitioner thus alleges that the prosecutor suppressed evidence – the photograph of his license plate he claims exists – in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and allowed Trooper Griffin to present perjured testimony. *See* Dkt. No. 14-1 at 21-26.

As to Petitioner's claimed *Brady* violation, the task for this Court is not to determine whether the state habeas court's application of *Brady* and its progeny, all clearly established federal law, is correct. Instead, this Court's review is limited to determining whether the state habeas court's decision constitutes an "unreasonable application" of that law. That is, here, this Court must determine – as to *Brady* and its progeny – even if the state habeas court identified "the correct governing legal principle from [the United States Supreme] Court's decisions[, whether the court] unreasonably applie[d] that principle to the facts of [this] case." *Williams*, 529 U.S. at 413. As stated above, an incorrect application does not amount to an unreasonable application. *See Harrington*, 131 S. Ct. at 785 (citing *Williams*, 529 U.S. at 410). Petitioner must show instead that the state habeas court ruling as to his *Brady* claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

"A successful *Brady* claim has three elements: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Rocha v. Thaler*, 619 F.3d 387, 393 (5th Cir. 2010) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)); *see also*

*Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008) (nothing as to *Brady*'s third "basic element" that there must be "a reasonable probability that prejudice ensued – in other words, 'materiality'").

"The Due Process Clause of the Fourteenth Amendment forbids the government from knowingly using, or failing to correct, false testimony." *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 271 (1959)); *see also Isaac v. Cain*, 588 F. App'x 318, 327 (5th Cir. Oct. 3, 2014) (per curiam) ("Under *Napue*, 'a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.'" (quoting 360 U.S. at 269) (citations omitted)).

"To establish a due process violation based on the government's use of false or misleading testimony, a petitioner must show (1) that the witness's testimony was actually false, (2) that the testimony was material, and (3) that the prosecution knew the witness's testimony was false." *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir. 1997).

But "due process is [ ] implicated by the prosecution's introduction or allowance of false or perjured testimony [only when] the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements." *United States v. Brown*, 634 F.2d 819, 827 (5th Cir. 1981) (citations omitted). Thus,

> [w]hen attempting to show perjured testimony, the false or misleading nature of certain testimony cannot be established simply by pointing to contradictory testimony from other witnesses, inconsistencies within a witness's testimony, or conflicts between or among written statements

and live testimony. Such matters go only to the weight of the evidence and the credibility of the witness.

*Craig v. Director, TDCJ-CID*, No. 5:07cv167, 2013 WL 4711483, at *14 (E.D. Tex. Aug. 30, 2013) (citing *Koch*, 907 F.2d at 531).

"A prosecutor's duty not to knowingly present false evidence is related to, but conceptually distinct from, the prosecutor's duty to reveal exculpatory evidence to the defense." *Ogle v. Johnson*, 696 F. Supp. 2d 1345, 1362-63 (S.D. Ga. 2009) (citing *Brown v. Wainwright*, 785 F.2d 1457, 1464 (11th Cir. 1986)); *see also Brady*, 373 U.S. at 87 (suppression of material evidence justifies a new trial "irrespective of the good faith or bad faith of the prosecution").

Before concluding that Petitioner received a fair trial, the state habeas court made the following findings applicable to both claims:

21. The prosecutor in the case, Patrick Wilson, is the current County and District Attorney of Ellis County, is known to the Court, and is found to be a credible person.

22. Wilson did not suppress the video of the chase and arrest of Applicant.

23. The video was made available to defense counsel in June 2008, and the entire video was entered into evidence at trial.

24. The video does not contain any evidence that prove Applicant is innocent of the offense of evading arrest with a vehicle.

25. The video does not contain information that may have been used to impeach the officer's testimony on an issue that was not an element of the offense or a basis for the stop.

26. The jury was free to watch the video, but the record reflects that the jury did not request to view the video during deliberations.

27.    Wilson did not knowingly present any perjured testimony at trial.

Dkt. No. 21-2 at 70-71.

Petitioner has not shown that these findings, as they relate to his claimed *Brady* violation are "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. As to Petitioner's claim that the prosecution knowingly used false or misleading testimony, "[t]here is absolutely no evidence whatever that the prosecutor sought to elicit perjurious testimony from [Trooper Griffin]." *Cross v. Johnson*, 169 F. Supp. 2d 603, 623 (N.D. Tex. 2001).

Petitioner's third ground for habeas relief also should be denied in its entirety.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE